IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENDRICK OMAR HILL, #266173, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | CASE NO. 3:22-CV-163-RAH-KFP |
| JOSEPH H. HEADLEY, et al., ) ) ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Kendrick Omar Hill, an inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Doc. 1. Thereafter, Respondents filed an Answer, which indicates that the Petition contains unexhausted claims. Doc. 11. Specifically, Respondents demonstrate that Hill failed to exhaust his available state court remedies regarding his claims of ineffective assistance of counsel and argue that the Petition should therefore be dismissed in accordance with *Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). *Id*. at 7.

Accordingly, on July 21, 2022, the Court issued an Order requiring Hill to either (1) show cause why his Petition should not be dismissed without prejudice to allow him to exhaust his state court remedies for his ineffective assistance of counsel claims; or (2) amend his Petition to delete the unexhausted claims. Doc. 12 at 3. The Court specifically advised Hill that he should act promptly in responding to the Order and, if he wished, in

filing an Alabama Rule 32 petition, as the time for doing so had not yet passed. *Id*. at 4. However, despite the Court's clear directive that Hill must either file a response or amend his § 2254 Petition by August 1, 2022 (*id*. at 3), Hill never responded to the Court's Order or amended his Petition.

Because Hill wholly failed to comply with the Court's Order, this case is due to be dismissed for failure to prosecute and comply with an Order of the Court. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order . . . generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Hill failed to comply despite the Court's clear directive—indeed, he has not taken any action since submitting the $5.00 filing fee in June 2022—the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED for failure to prosecute and comply with an Order of the Court.

It is further ORDERED that, by **April 1, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

2

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of March, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE